IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JENNIFER WOODS

    Petitioner,
v.                                                    Case No. 5:22cv219/TKW/MAL

DR. KEVIN PISTRO

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a pro se federal prisoner, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in September of 2022. ECF No. 1. Petitioner claimed (1) the Bureau of Prisons (BOP) was improperly withholding/failing to apply sentencing credits to which she was entitled under the First Step Act; and (2) the BOP abused its discretion in denying her placement on Home Confinement (HC). *Id.* at 3.

On February 22, 2023, Respondent filed an answer in opposition to the petition, arguing the petition should be dismissed because (1) Petitioner failed to exhaust her administrative remedies, (2) Petitioner was receiving the maximum amount of FSA credits she could at the time, and (3) the Court does not have jurisdiction to order the BOP to place Petitioner on home confinement. ECF No. 8.

At the time, Petitioner's projected transfer date to prerelease placement was September 12, 2023. *Id.* at 17.

Petitioner did not file a reply to the answer, despite having been afforded the opportunity to do so, and in fact, Petitioner has filed nothing in this case since submitting the filing fee in October of 2022.

The Court has confirmed that Petitioner was released from BOP custody on July 3, 2023. *See* https://www.bop.gov/inmateloc//. Thus, her claims seeking FSA credit and/or placement on home confinement are moot. Absent an active case or controversy, this Court lacks jurisdiction over the petition. "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS,* 296 F. 3d 1237, 1242 (11th Cir. 2002) (citations omitted). In fact, "dismissal is required because mootness is jurisdictional." *Id.* (citations omitted). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* (citations omitted).

Petitioner shall have a 14-day period after service of this Report and Recommendation in which to file objections. This will also afford Petitioner an opportunity to show that her Petition is not moot. Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk. The Court

recognizes, however, that Petitioner has not filed a notice of change of address since her release, despite having been specifically instructed that she must immediately file a notice with the Court in the event of an address change, transfer, or release from custody, and that failure to do so may result in a recommendation of dismissal of this case. *See* ECF No. 3 at 2. This omission, which will likely preclude her receipt of the instant recommendation, provides an additional basis for dismissal. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962) (a trial court has inherent power to dismiss a case sua sponte for failure to prosecute); *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order); N. D. Fla. Loc. Rule 41.1 (authorizing imposition of sanctions, up to and including dismissal, for failure to comply with a rule or court order).

Accordingly, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED as moot**.

2. The clerk be directed to close the case file.

At Gainesville, Florida on July 28, 2023.

                              s/ *Midori A. Lowry*
                              Midori A. Lowry
                              United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.